

Opinions of the United
States Court of Appeals
for the Third Circuit

1-3-2007

# USA v. Selby

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4641

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Selby" (2007). *2007 Decisions*. Paper 1817.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1817

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4641
_____

UNITED STATES OF AMERICA

v.

MICHAEL JOHN SELBY,

Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

District Court Judge: The Honorable Malcolm Muir
(Criminal No. 4:03-CR-00347-1)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2006

BEFORE: FUENTES, FISHER, and BRIGHT,[*] Circuit Judges.

(Filed: January 3, 2007)

_____

[*] The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals
for the Eighth Circuit, sitting by designation.

1

_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge.

Michael Selby pleaded guilty in July 2004 to one count of conspiracy to distribute controlled substances and was sentenced in October 2005 to 188 months in prison. He appeals (1) the District Court's denial of a motion to withdraw his guilty plea and (2) the Court's sentencing of him based on a "career offender" designation. For the reasons that follow, we affirm.[1]

## I.

While executing a search warrant in October 2003 at Michael Selby's residence, police recovered crack cocaine, cocaine powder, marijuana, drug paraphernalia, and about $3000 in cash. Selby and his father, who also lived in the residence, were indicted in November 2003 for conspiracy to distribute, possession with intent to distribute, and distribution of crack cocaine and marijuana. Selby pleaded guilty in July 2004 to one count of conspiracy. In the plea agreement and accompanying written statement, Selby acknowledged his understanding that there was a mandatory minimum sentence of five years imprisonment and a statutory maximum of forty years.

_____

[1] Selby has also submitted a pro se supplemental brief which includes a separate argument that Congress exceeded its legislative power when it enacted 21 U.S.C. §§ 841, 846. It does not appear this claim was properly raised before the District Court and, in any event, we find that it is without merit.

The District Court held a plea hearing on July 7, 2004. Selby was represented in the case by Todd Henry, but another attorney, Todd Eisenberg—who Selby had not met before—appeared at the hearing instead. During the plea colloquy, the District Court asked Selby if any "predictions" had been made to him regarding the precise sentence he would receive. According to Selby, he then told Eisenberg off-the-record that Henry had assured him that he would receive no more than five years. Eisenberg allegedly replied that if Henry had said that, Selby should not worry about a more severe sentence.

At the time of the plea hearing, the probation department's assessment suggested a sentence of 100 to 125 months in accordance with the U.S. Sentencing Guidelines. The September 2004 presentence report, however, designated Selby as a career offender and stated that his Guidelines imprisonment range was from 188 to 235 months. On October 13, 2004, Selby filed a pro se motion seeking to withdraw his guilty plea because his attorney had not alerted him to the potential sentence he faced. The District Court denied the motion without prejudice on December 1. Selby, having been appointed new counsel, subsequently renewed his application to withdraw the plea. Following a hearing, the District Court denied the motion, concluding that no facts in the record supported Selby's claim of innocence, that withdrawal of the plea would prejudice the government, and that Selby's assertions about his previous attorney were unpersuasive. The District Court then sentenced Selby to 188 months in prison.[2]

---

[2] The District Court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 1291 and 18 U.S.C. §

**II.**

We review the District Court's denial of Selby's motion to withdraw his guilty plea for abuse of discretion. See United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001). A defendant may withdraw a guilty plea before sentencing by demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "We look to three factors to evaluate a motion to withdraw: (1) whether the defendant asserts [his] innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." Brown, 250 F.3d at 815.

Selby asserts that he is innocent and that he pleaded guilty "in order to protect the other individuals in his household, including his father, and because prior counsel . . . assured him that he would receive a sentence of only five years." Appellant Br. at 11. However, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense." Brown, 250 F.3d at 818 (internal quotation marks omitted). As the District Court noted, there are no facts in the record supporting Selby's claim of innocence.

In addition, we are unpersuaded by Selby's argument that he should be permitted to withdraw his guilty plea because he was assured by previous counsel that his sentence would be no more than five years. First, both the plea agreement and plea colloquy stated that he could be sentenced for up to forty years. Second, the District Court indicated at

3742(a)(1).

4

the plea hearing that the Guidelines calculation of 100 to 125 months was a tentative one and that the appropriate range could be determined only after "we go through all the procedure and the proposal and findings by the Probation Officer." Third, "fear of punishment [is] not [an] adequate reason[] to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." Brown, 250 F.3d at 815.[3] We hold that the District Court did not abuse its discretion in denying Selby's motion to withdraw his guilty plea.

**III.**

The government asserts that we do not have jurisdiction to review a sentence that falls within a correctly applied Guidelines range. We have stated that "[a]fter Booker, however, we have jurisdiction to review *all* criminal sentences for reasonableness, even those that result from the exercise of a district court's discretion to set a sentence within the Guidelines range." United States v. Jackson, 467 F.3d 834, 839 (3d Cir. 2006). We consider the reasonableness of the sentence by examining the three steps we have instructed district courts to follow:

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.

(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that

---

[3] We also note that the District Court determined that withdrawal of the guilty plea would prejudice the government. Because we agree with the District Court that defendant has failed to offer persuasive reasons for the withdrawal or to support his claim of innocence with facts from the record, we need not weigh the prejudice to the government.

departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.

(3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

Jackson, 467 F.3d at 837 (internal quotation marks omitted).  Although district courts must always consider the relevant factors in 18 U.S.C. 3553(a),[4] it is still important that they "calculate what the proper Guidelines sentencing range is, otherwise the Guidelines cannot be considered properly at [the] third step."  Jackson, 467 F.3d at 838-39.

Selby argues that the District Court improperly applied a "career offender" designation, which Selby asserts "over-represents his criminal history."  Appellant Br. at 11.  According to the Guidelines,

---

[4] A court need not discuss and make findings as to each relevant factor in 18 U.S.C. 3553(a), but the record must make clear that the court took each factor into account.  Cooper, 437 F.3d at 329.  In this case, the relevant 18 U.S.C. § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 (3) the kinds of sentences available;
 (4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

6

a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2003).  Selby was twenty-eight when he committed the instant felony for conspiracy to distribute controlled substances.  Despite Selby's contention that some of his previous convictions were "relatively minor as career offenders are concerned," Appellant Br. at 18, he has not asserted that the presentence report was incorrect in noting that he had two prior felony convictions for a crime of violence and a drug offense.  To the extent Selby argues that the District Court erred in not downwardly departing, we note only that we "have no authority to review discretionary denials of departure motions in calculating sentencing ranges," Jackson, 467 F.3d at 839.[5]

The presentence report and the District Court were correct to designate Selby a "career offender."  In addition, the District Court considered the relevant § 3553(a) factors and imposed a reasonable sentence at the low end of the applicable Guidelines

---

[5] Selby also asserts in his pro se brief that the District Court should not have sentenced him based on facts that were not submitted to a jury.  This argument is unavailing because district courts may consider prior convictions and Selby was sentenced below the statutory maximum.  See, e.g., United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added).

range.

## IV.

The District Court did not abuse its discretion when it denied Selby's motion to withdraw his guilty plea. In addition, the Court properly calculated the applicable Guidelines range and imposed a reasonable sentence. For the foregoing reasons, we affirm.